UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES ELVIS EMERSON, et al., | Case No. 2:16-cv-01229-MMD-PAL |
| Plaintiffs, | |
| v. | **ORDER** |
| ARCTIC CAT SPORT, INC., et al., | (Mot. to Seal – ECF No. 19) |
| Defendants. | |

This matter is before the court on the Motion to Seal (ECF No. 19) filed July 14, 2016, by Defendants TMBC, LLC, Reiner R. Hall and Lauren Pastor (jointly, the "TMBC Defendants"). This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice. The court has considered the Motion and Defendant Arctic Cat Inc.'s[1] Notice of Non-Opposition (ECF No. 20), filed July 15, 2016.

On July 13, 2016, the TMBC Defendants filed a Motion for Leave to Amend their Answer to Assert a Third-Party Claim Against Arctic Cat Sales, Inc. (ECF No. 18). Attached to this motion was Exhibit B, a dealer agreement between Defendants TMBC, LLC and Arctic Cat Inc. The agreement contains a confidentiality clause requiring three days' notice prior to disclosure. Counsel for the TMBC Defendants failed to realize at the time of filing that the agreement contained a confidentiality clause. Defendant Arctic Cat does not oppose sealing the agreement.

As a general matter, there is a strong presumption of access to judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). "In keeping with the strong public policy favoring access to court records, most judicial records may be sealed

---

[1] In its notice, Defendant Arctic Cat Inc. indicates that it was erroneously sued as Arctic Cat Sport, Inc.

1

only if the court finds 'compelling reasons'." *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025–26 (9th Cir. 2014) (citing *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010)). However, public "access to judicial records is not absolute." *Kamakana*, 447 F.3d at 1178.

The Ninth Circuit has carved out an exception to the strong presumption of access for certain discovery materials where the movant makes a particularized showing of "good cause" under Rule 26(c) of the Federal Rules of Civil Procedure that rebuts the public's right of access. *See Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1135, 1138 (9th Cir. 2003); *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) *see also* Fed. R. Civ. P. 26(c) (a district court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, undue burden or expense"). The "less exacting 'good cause' standard" applies to (1) "private materials unearthed during discovery" as such documents are not part of the judicial record, and (2) "previously sealed discovery" attached to non-dispositive motions. *Oliner*, 745 F.3d at 1026 (citing *Pintos*, 605 F.3d at 678). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not satisfy the Rule 26(c) test." *Foltz*, 331 F.3d at 1130 (citing *Beckman Ind., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179; *see also Oliner*, 745 F.3d at 1026.

The TMBC Defendants' conclusory statement that the confidentiality clause requires three days' notice prior to disclosure is insufficient to meet their burden of making a particularized showing of good cause for each item they seek to file under seal. *See Kamakana*, 447 F.3d at 1178–79. The TMBC Defendants have not asserted or shown specific harm or prejudice that it expects will result from disclosure of the dealer agreement. For example, the TMBC Defendants did not assert that the dealer agreement contains trade secrets or research and development. The court appreciates that the Motion to Seal was filed to comply with the dealer agreement's confidentiality clause, but a statement that counsel failed to realize that the agreement contained a confidentiality clause at the time of filing does not establish good cause for sealing documents attached to a non-dispositive motion.

2

Additionally, the court notes that the Motion for Leave to Amend the Answer (ECF No. 18) and its exhibits failed to comply with the Local Rules' requirements that: (1) a document be filed as a Portable Document Format (PDF) and word-searchable,[2] *see* LR IC 2-2(a)(1); and (2) exhibits or attachments "be attached as separate files." LR IC 2-2(a)(3)(A). Electronic filers are prohibited from combining a motion, memorandum of points and authorities, declaration, and/or exhibits into one PDF document and then filing that single PDF as the "main document" in CM/ECF's document upload screen. *Id*. (exhibits "must not be filed as part of the base document in the electronic filing system"). This practice makes it impossible for the Clerk of the Court to seal or unseal specific documents as needed because the docketing clerks cannot separate the pages for sealing purposes. *See* LR IA 10-5(b). Instead, the Local Rules require litigants to save *each* document or exhibit they want sealed as a separate PDF document and then file each PDF in CM/ECF's document upload screen as "attachments" to a main document.[3] Counsel are responsible for informing themselves and instructing their staff regarding the correct electronic filing procedures.[4]

The shortcut of filing only one PDF inevitably causes additional work for the court, docketing clerks, and the parties. Should leave to file under seal be granted for some but not all documents, the court must then order litigants to refile the sealed and unsealed documents separately, rather than simply instructing the docketing clerks to seal or unseal the documents in accordance with the court's findings. Failure to follow the Local Rules of Practice and CM/ECF filing requirements will delay and complicate the court's review of the docket. The parties are cautioned that the court may strike from the record any prospective filings that fail to comply with the Local Rules.

---

[2] Searchable PDF documents may be created directly from a word processing file or by utilizing optical character recognition (OCR).

[3] The court is not attempting to nitpick counsel for what may seem, at first blush, a minor non-compliance issue. Ironically, given the nature of the sealing motion now before the court, one of the reasons for these rules is to facilitate sealing requests.

[4] The parties are encouraged to contact the CM/ECF Helpdesk at (702) 464-5555 prior to filing should they have any technical questions. For additional direction, the parties may also refer to the updated procedures in *CM/ECF Version 4.0 Enhancements and Changes*, which is available on the court's website.

Accordingly,

**IT IS ORDERED:**

1. The TMBC Defendants' Motion to Seal (ECF No. 19) is DENIED without prejudice.

2. The party or parties designating the dealer agreement as confidential shall have until **September 9, 2016,** in which to file a memorandum of points and authorities and any supporting declaration or affidavit to make a particularized showing of good cause why the dealer agreement should be sealed.

Dated this 26th day of August, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE