UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES ELVIS EMERSON, individually, and SYLVA EMERSON, individually, and as husband and wife,<br><br>Plaintiffs,<br>v.<br>ARCTIC CAT SPORT, INC., a Delaware corporation; TMBC, LLC. a Delaware limited liability company; REINER R. HALL, individually and as a sales associate for TMBC, LLC; LAUREN PASTOR, individually and as an agent for TMBC, LLC; SALE MANAGERS; DOE SALE ASSOCIATES; DOES I through X inclusive; and ROE CORPORATIONS I through X inclusive,<br><br>Defendants. | Case No. 2:16-cv-001229-MMD-PAL<br><br>ORDER<br><br>(Plf.'s Motion to Remand – ECF No. 5) |

**I.   SUMMARY**

Before the Court is James and Sylva Emerson's ("Plaintiffs") Motion to Remand ("Motion"). (ECF No. 5.) Defendants filed a response ("Response"). (ECF No. 11.) For the reasons stated below, the Motion is granted.

**II.   BACKGROUND**

Plaintiff filed the First Amended Complaint ("FAC") in the Eighth Judicial District Court, Clark County, Nevada, on April 26, 2016. (ECF No. 1-2.) The Motion names Arctic Cat Sport, Inc., TMBC, LLC ("TMBC"), Reiner R. Hall, individually and as a sales

associate for TMBC, Lauren Pastor, individually and as an agent for TMBC, and various unnamed individuals and corporations. (ECF No. 5 at 1.) Defendant TMBC removed to this Court on June 2, 2016, pursuant to 28 U.S.C. § 1441(a). (ECF No. 1.) Plaintiffs now move to remand to state court. (ECF No. 5.) Defendants filed an opposition (ECF No. 11), and Plaintiffs did not file a reply.

The FAC and Motion allege the following facts.[1] Plaintiffs purchased an all-terrain vehicle ("ATV") from Bass Pro Outdoor World on April 9, 2013. (ECF No. 5 at 3.) Plaintiffs allege Reiner R. Hall ("Hall"), a sales associate, and Lauren Pastor ("Pastor"), the sales/financing manager, gave them information about the ATV. (*Id.* at 2-3.) Specifically, Plaintiffs allege Hall and Pastor told them the ATV was safe, "fit for use as an off-highway vehicle," and "'perfect for what Mr. Emerson was looking for.'" (*Id.* at 3.) On July 5, 2014, Plaintiff, Mr. Emerson, was riding the ATV "when the road he was riding on gave way and pitched the ATV forward down off an embankment." (ECF No. 1-1 at 4.) During this accident, the two front attachment joints on the ATV broke, and Mr. Emerson suffered multiple physical injuries as well as mental anguish. (*Id.*) Plaintiffs asserted claims for negligence, strict product liability, negligent failure to inspect and warn, breach of warranty, and loss of consortium. (*Id.*)

## III.  LEGAL STANDARD

Defendants' Petition for Removal asserts that this Court has diversity jurisdiction. (ECF No. 1.) To establish subject matter jurisdiction pursuant to diversity of citizenship, the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties, and (2) an amount in controversy exceeding $75,000. 28. U.S.C. §

///

---

[1] Defendants argue Plaintiffs' Complaint is insufficient to establish claims against Hall and Pastor. (ECF No. 1 at 2.) The Court may consider the Complaint and the Motion to Remand in assessing fraudulent joinder. *See Dunn v. Infosys Ltd.*, No. 12-CV-3561 YGR, 2012 WL 4761901, at *3 (N.D. Cal. Oct. 5, 2012) ("District courts in the Ninth Circuit have extended the principles in *Morris* to consider supporting supplemental materials by plaintiffs when deciding whether improper or fraudulent joinder has occurred.") (internal citations omitted).

1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

Although an action may be removed to federal court only where there is complete diversity of citizenship, "one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, F.3d 1061, 1067 (9th Cir. 2001). Joinder is fraudulent "'[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206. (9th Cir. 2007) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). In such a case, the district court may ignore the presence of that defendant for the purpose of establishing diversity. *Morris*, 236 F.3d at 1067.

"The defendant seeking removal is entitled to present the facts showing the joinder to be fraudulent." *McCabe*, 811 F.2d at 1339. However, the party asserting fraudulent joinder carries a "heavy burden" of persuasion. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009).

**IV.   ANALYSIS**

Plaintiffs are residents of Nevada, and the FAC identifies Defendants Hall and Pastor as residents of Nevada. (ECF No. 1-1.) As pleaded, there is not complete diversity between the parties. However, Defendants argue Hall and Pastor are fraudulently joined because they cannot be held liable for strict product liability under Nevada law. (ECF No. 11 at 5.)

"Under Nevada law, sellers can be strictly liable for products sold." *Moore v. Medtronic, Inc.*, No. 2:05-cv-01329-KJD-PAL, 2006 WL 1795861, at *2 (D. Nev. June 28, 2006) (citing *Allison v. Merck & Co.*, 110 Nev. 762, 766 n. 1. (1994)). Pursuant to NRS § 104.2103(1)(c), a seller is defined as "a person who sells or contracts to sell goods." Defendants argue Plaintiffs have failed to establish that Hall and Pastor are sellers under Nevada law. (ECF No. 11 at 6.)

///

Defendants cite *Kite v. Zimmer US, Inc.*, No. 2:06-cv-0745-RCJ-RJJ, 2006 WL 3386765 (D. Nev. Nov. 22, 2006) and *Thompson v. Medtronic, Inc.*, No. 2:06-cv-00675-RCJ-PAL, 2006 WL 3544937 (D. Nev. Dec. 8, 2006) as authority that demonstrates Plaintiffs cannot claim Hall and Pastor are sellers. (ECF No. 11 at 6-7.) Neither case supports their argument.

*Kite* and *Thompson* were based on specific facts about the defendants in the respective cases. The decisions do not stand for the proposition that *all* sales representatives are categorically excluded from the definition of sellers in NRS § 104.2103(1)(c). For example, *Kite* dealt with a defendant (a Nevada corporation) who plaintiffs alleged was responsible for delivering a medical device to a Nevada hospital. 2006 WL 3386765 at *2. The *Kite* court found the evidence showed that the relevant defendant "served only as a conduit" through which a hospital could request medical devices and did not display characteristics one would typically associate with a seller in the product liability context. *Id.* at *3. Therefore, the *Kite* court concluded the defendant was fraudulently joined. 2006 WL 3386765 at *3. Similarly, in *Thompson*, the fraudulently joined defendant was a sales representative for a manufacturer who only set up a "course of sales" by providing the manufacture's phone number to the plaintiffs, which the court deemed an insufficient "causal nexus" to establish the defendant as a seller. 2006 WL 3544937 at *3. In this case, by contrast, Plaintiffs allege Hall and Pastor directly interacted with Plaintiffs and made affirmative representations regarding the ATV. (ECF No. 5 at 3.)

Furthermore, "there is a dearth of case law in Nevada state courts defining what a 'seller' is for purposes of strict products liability." *Moore*, 2006 WL 1795861 at *2. Other jurisdictions have come to different conclusions on the issue. *See id.* at n. 2 (listing cases on either side of the jurisdictional split). Thus, because the exact parameters of who is a seller under Nevada law are unclear, and because similar claims have been recognized elsewhere, this Court cannot say that Plaintiffs' claims against Hall and Pastor are clearly baseless.

4

1  Therefore, Defendants have failed to meet the heavy burden required to show
2  that Hall and Pastor were fraudulently joined and that diversity jurisdiction exists.

**V.   CONCLUSION**

It is therefore ordered that Plaintiffs' Motion to Remand is granted. It is ordered that this case be remanded consistent with this opinion.

The Clerk is ordered to close this case.

DATED THIS 8th day of November 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE